UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK RAFAEL ENRIQUEZ,

    Plaintiff,

vs.            Case No. 2:09-cv-2-FtM-29DNF

DEPARTMENT OF CORRECTIONS, DEPUTY
JOHN DOE 1 THROUGH 6,

    Defendants.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon review of Plaintiff's Complaint (Doc. #1, Complaint) filed pursuant to 42 U.S.C. § 1983 on January 2, 2009. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2, Motion) in this action. Plaintiff is proceeding *pro se* and is currently civilly detained at the Florida Civil Commitment Center (hereinafter "FCCC") pursuant to the State of Florida's Involuntary Commitment of Sexually Violent Predator's Treatment and Care Act ("Jimmy Ryce Act"). See generally Fla. Stat. §§ 394.910-.913.

Despite Plaintiff's non-prisoner status,[1] the Court is required to review the *pro se* Complaint to determine whether the

---

[1] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915(e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States

Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Plaintiff files this action naming as Defendants the Florida Department of Corrections and six John Doe corrections officers in their individual and official capacities. Complaint at 1. The allegations in the Complaint all stem from an incident that occurred on February 9, 2005, when Plaintiff says the residents at the FCCC were "peacefully protesting." Id. at 5. Plaintiff alleges that officers from the Department of Corrections, including some who were a part of the "emergency response team," "stormed the FCCC at or about 6:30 a.m." Id. Plaintiff avers that these officers acted "hostile and threatening" to him. Id. at 6. Plaintiff claims that a John Doe Defendant sprayed him with chemical agents. Id. at 4. Plaintiff also contends that he was

taken to a confinement cell and was not brought to the medical department for a pre-confinement physical. Id. Plaintiff states that the only "pre-confinement notice" he was given, stated, "You are a Threat." Id. at 9. As relief, Plaintiff seeks any relief deemed appropriate by the Court, a declaratory judgment, and monetary damages. Id. at 11-12.

Initially, the Court addresses the six John Doe corrections officers that Plaintiff names as Defendants. The Federal Rules of Civil Procedure do not explicitly allow plaintiffs to designate unknown individuals in complaints. There is, however, no general prohibition against this practice. See e.g. Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 390 (1971). Courts have recognized, however, that fictitious parties eventually must be dismissed if discovery fails to yield their identities. See Kemper Ins. Co. v. Federal Express Corp., 115 F.Supp.2d 116, 125 (D. Mass. 2000), aff'd, 252 F.3d 509 (1st Cir.), cert. denied, 534 U.S. 1020 (2001)(collecting cases). In this case, Plaintiff names six John Doe Defendants and the allegations concern incidents that allegedly occurred in February 2005. See generally Complaint. The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). Thus, as of February 2009, the four-year statute of

limitations expired and the Complaint is time-barred as to the John Doe Defendants.

Plaintiff may believe that because he filed the Complaint in January 2009, that he can later amend the Complaint to specifically name the John Doe Defendants. Courts have ruled, however, that replacing "John Doe" defendants with specifically-named defendants constitutes a change in the parties sued and does not relate back to the date of the initial Complaint pursuant to Fed. R. Civ. P 15(c). <u>See</u> <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1102-03 (11th Cir. 1999)(citing <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466, 468 (2d Cir. 1995)(finding "[w]e have stated that it is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.")(other citations omitted), <u>over ruled on other grounds</u>, <u>Manders v. Lee</u>, 338 F.3d 1304, 1328 (11th Cir. 2003); <u>See</u> <u>also</u> <u>Gambuzza v. Gillum</u>, Case No. 8:08-cv-1809-T-26TGW, 2009 WL 425954 (M.D. Fla. 2009)(finding four-year statute of limitations prevented plaintiff from replacing John Doe defendants with named defendants); <u>Danhi v. Charlotte County Sheriff's Dep't</u>, Case No. 2:03-cv-628-FtM-99DNF, 2006 WL 2226323 *3-4 (M.D. Fla. 2006)(dismissing John Doe defendants *sua sponte* when the four-year statute of limitations had run and the claims were time barred). Lack of knowledge regarding the identities of John Doe Defendants does not constitute "a mistake concerning the identity of the proper party." <u>Wayne</u>, 197 F.3d at 1103. In this

case *sub judice*, Plaintiff waited until the eleventh hour, just shy of the statute of limitations expiration by one month, to file his Complaint. Nonetheless, Plaintiff still has not ascertained the identities of the six John Doe Defendants prior to filing the action. With regard to the claims against the John Doe Defendants in their official and individual capacities, the statute of limitations prevents Plaintiff from amending to include the specific names of the John Doe Defendants Complaint. Consequently, the Complaint must be dismissed.

Plaintiff also names the Florida Department of Corrections as a Defendant. The Complaint contains no allegations involving the Department of Corrections, much less any allegations that a governmental policy or custom was the moving force behind the alleged constitutional deprivation. Farred v. Hicks, 915 F.2d 1530, 1532-1533 (11th Cir. 1990)(citing Graham, 463 U.S. at 166; Monell, 436 U.S. at 694). It appears Plaintiff seeks to hold the Department liable for the actions of the John Doe Defendants; however, there is no *respondeat superior* liability under § 1983. As such, the Department of Corrections is due to be dismissed.

Additionally, Plaintiff's claims for monetary damages from the Department of Corrections are barred by the Eleventh Amendment. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003), cert. denied, 540 U.S. 1107 (2004). "Unless

a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985). This protection under the Eleventh Amendment is afforded to the State, State agencies, and State officials sued in their official capacities, as it is well established that a suit against a governmental officer in his official capacity is the same as a suit against the entity that employs the officer. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). See also Gamble v. Florida Dept. of Health and Rehab. Serv., 779 F.2d 1509, 1512 (11th Cir. 1986). The State of Florida has not waived sovereign immunity for § 1983 actions. Zatler, 802 F.2d at 400 (citing Gamble, 779 F.3d at 1513-20). Based on the foregoing, the Court *sua sponte* dismisses this action.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint is **dismissed** pursuant to § 1915(e)(2).

2. Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED.**

3. The Clerk of Court shall terminate any pending motions; enter judgment accordingly; and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __23rd__ day of April, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record